IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNY POLANCO,<br><br>              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | HON. KATHARINE S. HAYDEN<br><br>Civil Action<br>No. 16-3769 (KSH)<br><br>**OPINION** |

**HAYDEN, United States District Judge:**

**I.    INTRODUCTION**

Presently before the Court is Petitioner Ronny Polanco's counseled motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed on him on July 27, 2001 (the "§ 2255 Motion"). (DE 1.) For the reasons stated herein, Polanco's § 2255 Motion will be dismissed as untimely under 28 U.S.C. § 2255(f) and no certificate of appealability will issue.

**II.    BACKGROUND**

Initially, it must be noted that the Court, through its April 12, 2019 order granting Polanco's separately-filed *pro se* motion seeking relief under the First Step Act in his underlying criminal matter, has already ordered Polanco's release from prison and the Court has been advised that he is no longer in federal custody. (*See United States v. Polanco*, Crim. Action No. 01-27 (KSH), at DE 34.) The ruling in this decision in no way changes the order of release; he has served the incarcerative portion of his sentence. But Polanco still faces ongoing collateral consequences associated with his federal conviction, the most significant of which is his term of supervised release that exposes him to requirements which, if not met, could result in sanctions, including a

prison term. The Court is accordingly compelled to address the substantive merits of his petition even though the goal of the petition – release – has already happened.

Much of the factual and procedural history underlying Polanco's habeas matter has already been summarized, in extensive detail, in this Court's 2014 opinion denying Polanco's prior § 2255 motion. *See Polanco v. United States*, No. 03-4843 (KSH), 2014 WL 3499977 (D.N.J. July 11, 2014). The Court now quotes from that opinion at length:

> In January 2001, Polanco was arrested and charged with distribution and possession with intent to distribute more than 50 grams of cocaine base or "crack" cocaine. The offense carried a mandatory minimum sentence of 10 years on conviction. . . . Ultimately a plea agreement was reached and Polanco pleaded guilty on March 12, 2001, before Judge Alfred J. Lechner, Jr. The stipulations in the plea agreement left open the issue of whether Polanco would satisfy the criteria to be deemed a career offender. The stipulations also provided alternative total offense levels under the United States Sentencing Guidelines ("sentencing guidelines" or "guidelines") depending upon how the Court made that determination: "the applicable Guidelines Total Offense Level is 29, unless Ronny Polanco satisfies the criteria of [U.S.S.G. Section] 4B1.1. In the event that the sentencing court determines that Ronny Polanco is a career offender within the meaning of [Section] 4B1.1, the applicable Guidelines Total Offense Level is 34." [Significantly,] at the time the agreement was struck, the parties acknowledged Polanco could face sentencing as a career offender.
>
> In due course, the United States Probation Department ("U.S. Probation" or "probation") undertook a pre-sentence investigation. In its draft pre-sentence report sent to the federal prosecutor and defense counsel, U.S. Probation listed as part of Polanco's past criminal history a 1994 conviction for fourth degree aggravated assault. Under Section 4B1.2 of the guidelines, that conviction satisfied one of the required two predicate offenses for Polanco's classification as a career offender because it was considered a "crime of violence."
>
> On June 26, 2001, while his sentencing hearing was pending, Polanco made a motion through counsel to withdraw his guilty plea on the basis that his attorney had confused the aggravated assault conviction for a simple assault conviction. On July 12, 2001, Polanco moved for a downward departure. Judge Lechner denied
2

> Polanco's motion to withdraw his plea and imposed sentence, ruling that Polanco was a career offender. As such, his sentence was based on a criminal history category of VI and a base offense level of 34, exposing him to a guidelines sentencing range of 262 months to 327 months. He received 275 months.
>
> Polanco filed a timely [direct] appeal . . . The Third Circuit affirmed Polanco's plea and sentence, *United States v. Polanco*, 35 F. App'x 358 (3d Cir. 2002), and denied his request for a rehearing *en banc*, *United States v. Polanco*, No. 01-3157 (3d Cir. June 4, 2002). The United States Supreme Court denied Polanco's petition for a writ of certiorari. *Polanco v. United States*, 537 U.S. 940 (2002).

*Id.* at *1-2 (citations to record omitted).

Thereafter, in 2003, Polanco filed his first § 2255 motion collaterally attacking the Court's 2001 sentence in a related habeas case, *Polanco v. United States*, Civil Action No. 03-4843 (KSH) (hereinafter, Polanco's "2003 Habeas Motion" in his "First § 2255 Matter"). On July 11, 2014, the Court denied Polanco's 2003 Habeas Motion. (*See* July 11, 2014 Op. and Order, First § 2255 Matter at DEs 29 and 30). On June 9, 2014 – before the Court issued its final order and opinion denying his 2003 Habeas Motion – Polanco filed an appeal in the Third Circuit challenging the undersigned's rulings in the First § 2255 Matter. (*See* Polanco's June 9, 2014 Notice of Appeal, First § 2255 Matter at DE 27.) On November 25, 2014, the Third Circuit, in a two-page order, concluded that it lacked jurisdiction over Polanco's 2014 appeal because he failed to properly perfect the same *after* entry of final judgment in the First § 2255 Matter. *See Polanco v. United States*, No. 14-2997, Order (3d Cir. Nov. 25, 2014). Polanco did not further pursue that appeal.

Subsequently, on June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* concerns the Armed Career Criminal Act ("ACCA"), which imposes an increased prison term upon a defendant with three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). At the time *Johnson* was issued, a qualifying "violent felony" under ACCA's so-called residual clause included any felony that "involve[d]

conduct that present[ed] a serious potential risk of physical injury to another." *Johnson* at 2555-56 (citing 18 U.S.C. § 924(e)(2)(B)). The *Johnson* Court held that this language was unconstitutionally vague and, thus, that "[i]ncreasing a defendant's sentence under [that] clause denies due process of law." *Id.* at 2557. On April 18, 2016, the Supreme Court ruled that *Johnson* is retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Shortly after the Court announced that *Johnson* had retroactive effect, on or about May 27, 2016, Polanco – as required by 28 U.S.C. §§ 2244 and 2255(h) – applied to the Court of Appeals for authorization to file a second § 2255 motion. *See In re Polanco*, No. 16-2615, Order (3d Cir. Nov. 2, 2017). On November 2, 2017, the Third Circuit granted Polanco's application and transferred his matter here. *Id.* In so doing, the Third Circuit observed the following about the lone habeas claim advanced in Polanco's § 2255 Motion:

> [Polanco] was sentenced under the mandatory (pre-*United States v. Booker*, 543 U.S. 220 (2005)) version of the Sentencing Guidelines. His [§ 2255 Motion] challenge[s] that sentence on the ground that the definition of "crime of violence" contained in the residual clause of former U.S.S.G. § 4B1.2(a) is unconstitutionally vague pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

*Id.*

Critically, Polanco avers that this claim "is timely under 28 U.S.C. § 2255(f)(3) because he filed [his § 2255 Motion] within one year of the Supreme Court's decision in *Johnson*—a ruling which established a 'newly recognized' right that 'is retroactively applicable to cases on collateral review.'" (DE 1 at 2.) In light of the Third Circuit's August 6, 2018 precedential decision in *United States v. Green*, 898 F.3d 315 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1590 (2019), this Court cannot agree. As will be discussed in greater detail below, *Green* compels the Court to find that the newly recognized right announced in *Johnson* is inapplicable to Polanco's case, and thus, that his current § 2255 Motion is not timely under § 2255(f)(3).

## III. LEGAL STANDARD AND ANALYSIS

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Polanco's conviction became final over fifteen years ago, and thus, his § 2255 Motion is untimely under § 2255(f)(1). *Id.* Furthermore, Polanco does not claim – and the Court is unable to independently conclude – that his motion is timely under §§ 2255 (f)(2) or (f)(4). Indeed, Polanco expressly asserts only that his § 2255 Motion is timely under (f)(3). (*See*, *generally*, DE 1.) The Third Circuit's precedential decision in *Green* compels the Court to conclude otherwise.

*Green* concerned a § 2255 petitioner, Roy Allen Green, who, like Polanco, had been found to be a career offender under the then-mandatory sentencing guidelines and sought to collaterally attack his years' old sentence based on the holding in *Johnson*. *Green*, 898 F.3d at 316. Green, like Polanco, "filed his § 2255 motion within one year of the Supreme Court's decision in *Johnson*." *Id.* at 317. On August 6, 2018, the Third Circuit determined that the new rule of constitutional law recognized in *Johnson* was – and remains – inapplicable to Green's case, and

thus, that Green could not rely on that decision to claim that his § 2255 was timely-filed under § 2255(f)(3). *Id.* at 317. The language in *Green* – which applies with equal force to Polanco's § 2255 Motion – is unequivocal on this point:

> We hold that Green's motion is untimely in light of the plain language of 28 U.S.C. § 2255(f)(3) and the Supreme Court's indication in *Beckles[ v. United States*, 137 S. Ct. 886 (2018),] that it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges. In so holding, we do not speak to the merits of Green's claim, and do not decide whether the residual clause in the mandatory Sentencing Guidelines is unconstitutionally vague. Only the Supreme Court can recognize the right that would render Green's motion timely under § 2255(f)(3).

*Id.* at 322.

The circumstances underlying the Third Circuit's decision in *Green* are procedurally indistinguishable from Polanco's case. Polanco, like Green, was sentenced as a career offender many years ago under the then-mandatory guidelines. Polanco, like Green, asserts that the newly recognized right announced by the Supreme Court in *Johnson* is applicable to his claim for habeas relief, and thus, that his § 2255 Motion is timely under § 2255(f)(3) because it was filed within one year of that decision. *Green* conclusively refutes both claims and compels the Court to find that Polanco's current habeas motion is not timely under § 2255(f)(3). *See Green*, 898 F.3d at 322. The Court therefore must, in accordance with *Green*, dismiss Polanco's § 2255 Motion as untimely. The Court will also deny Polanco a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV.     CONCLUSION

For the reasons set forth above, Polanco's § 2255 Motion is dismissed and no certificate of appealability will be issued.  An appropriate Order follows.


<u>June 6, 2019</u>                                                                            <u>s/Katharine S. Hayden     </u>
Date                                                                                                 KATHARINE S. HAYDEN
                                                                                                        United States District Judge